IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| WILLIAM M. WINDSOR,<br><br>Plaintiff,<br><br>vs.<br><br>SEAN M. BOUSHIE, UNIVERSITY OF MONTANA, and JOHN DOES 1-100,<br><br>Defendants. | CV 13-311-M-DLC-JCL<br><br>ORDER |

Plaintiff William Windsor moves for an extension of time within which to respond to: (1) Defendant University of Montana's Motion to Dismiss and its Request for Judicial Notice, each of which were filed on March 12, 2014, and (2) the Court's Order entered March 19, 2014. Windsor asserts he experienced technical difficulties with respect to his receipt of those documents.

The Court finds Windsor has established good cause under Fed. R. Civ. P. 6(b) in support of these motions for extensions of time. Therefore, **IT IS HEREBY ORDERED** Windsor's referenced motions for extension of time are **GRANTED**. Windsor shall file his briefs in response to the University of Montana's Motion to Dismiss and its Request for Judicial Notice on or before

1

**April 22, 2014.** Also, Windsor shall file a brief in compliance with the terms of the Court's March 19, 2014 Order on or before **April 22, 2014**.

Windsor presents additional requests in a separate motion. He moves for leave to file an amended complaint, and for an extension of time within which "to respond to anything filed by [the] UNIVERSITY until the specified number of days allowed after service by mail is made." (Doc. 23 at 2.) For the reasons discussed, these motions are denied.

Although Windsor is proceeding pro se in this action, "pro se litigants are bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995). They must follow the same applicable rules "that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

The Local Rules of Procedure applicable in the United States District Court for the District of Montana impose various requirements upon, inter alia, the practice of filing motions with the Court. In particular, the Local Rules provide as follows:

> **(c) Prerequisites to Filing a Motion.**
>
> > (1) The text of the motion must state that other parties have been contacted and state whether any party objects to the motion. [...]
>
> > [...]

> (4) Failure to comply with this Rule may result in summary denial of the motion. Denial must be without prejudice on the first occasion and the filer must be given an opportunity to refile the motion.

L.R. 7.1(c)(1) & (4).

Windsor's motion requesting leave to file an amended pleading does not comply with L.R. 7.1(c)(1). Windsor did not state in his motion whether he contacted Defendants, and whether they oppose it. Therefore, **IT IS HEREBY ORDERED** that Windsor's motion requesting leave to file an amended complaint is **DENIED** without prejudice pursuant to L.R. 7.1(c)(4).

Finally, Windsor requests an extension of time to respond to anything the University of Montana files. Specifically, but without reference to any specific matter filed by the University, Windsor requests the Court conclude that the time within which he is permitted to file a response shall commence as of the time "service by mail is made." For the reasons discussed, Windsor's motion is denied for three reasons.

First, Windsor's motion fails to comply with L.R. 7.1(c)(1).

Second, Windsor's motion is premature. He does not identify any specific filing by the University of Montana for which he requests an extension of time to respond. He is not permitted to request an advance ruling granting him a blanket

extension of time with respect to any matter the University of Montana files in the future.

Finally, Windsor's motion is contrary to the provisions of the Local Rules, and Windsor has failed to demonstrate that a modification of those rules is warranted in this case. Local Rule 7.1(d) establishes when the period of time for filing a brief in response to a motion commences. Specifically, the Rule states that a brief in response to a motion must be filed within a specified number of days "after the motion was <u>filed</u>." L.R. 7.1(d)(1)(B) (emphasis added). Thus, the time period commences when a motion is filed, not when service by mail is made. The Rule universally applies to all litigants, and Windsor has not presented any valid ground for modifying the rule as it applies to him.

Based on the forgoing, **IT IS HEREBY ORDERED** that Windsor's motion requesting an extension of time to respond to anything the University of Montana files is **DENIED.**

DATED this 3rd day of April, 2014.

_Jeremiah C. Lynch_
Jeremiah C. Lynch
United States Magistrate Judge